## CIRCUIT COURT OF BEDFORD COUNTY

James T. Hullett
and Linda P. Hullett

v.

Ray V. Bare
and Tonja M. Bare

September 17, 1998

Case No. CH98018784-00

BY JUDGE JAMES W. UPDIKE, JR.

A hearing was held on September 11, 1998, in the captioned matter on plaintiff's Bill for Injunction. Pursuant to the request of the parties, I went to the residence of the defendants on September 15, 1998, to view the property.

This property is subject to duly recorded restrictions that were introduced as Plaintiff's Exhibit 2. In their bill, plaintiffs alleged violations of restrictive covenant 1, which prohibits commercial activity on the property, and restrictive covenant 6, which prohibits the dumping of rubbish, trash, and garbage on the property, and the presence of automobiles or vehicles not displaying a valid state inspection certificate.

As to enforcement of restrictive covenants, the Supreme Court of Virginia has stated:

> Virginia law on the subject of restrictive covenants in deeds is settled. Valid covenants restricting the free use of land, although widely used, are not favored and must be strictly construed. The burden is upon the party seeking to enforce the restrictions to demonstrate that the covenants are applicable to the acts of which complaint is made. Substantial doubt or ambiguity is to be resolved against the restrictions and in favor of the free use of property. *Woodward v.*

*Morgan*, 252 Va. 135, 138, 475 S.E.2d 802 (1996); *Friedberg v. Riverpoint Bldg. Comm.*, 218 Va. 659, 665, 239 S.E.2d 106, 110 (1977).

The Court continued, however, by stating:

> Nevertheless, equity will enforce restrictions when they are reasonable and the intention of the parties is clear. *Weeks*, 252 Va. at 138; *Marks v. Wingfield*, 229 Va. 573, 577, 331 S.E.2d 463, 465 (1985).

Upon my review of the evidence presented and my observations during my view of the property, plaintiffs have not demonstrated commercial activity on defendants' property in violation of restrictive covenant 1. Moreover, the evidence does not sufficiently establish dumping of rubbish, trash, and garbage, nor the presence of automobiles or vehicles without inspection certifications in violation of restrictive covenant 6.

I note that I was concerned by the presence of numerous automobile parts and other objects, including a motorcycle and what was apparently a disconnected heat pump, behind the building shown in Defendants' Exhibit A. In my opinion, at this time, these objects do not constitute "rubbish, trash, and garbage" because I believe these terms to apply to discarded items of no value. I assume these objects would be of value to someone in need of them as replacement parts. However, the regular sale of such items could be construed as commercial activity, and deterioration over time can make rubbish from that which previously had value. In addition, the area where these objects are located is probably visible from the neighboring property during periods of no foliage. Finally, I will state that no one was painting automobiles when I was on the property of the defendants, and I am not persuaded by the evidence that such activity is occurring at present for commercial purposes. Nevertheless, the restrictive covenants remain in effect, and I make these comments in the hope that the defendants will wish to address this situation in a manner that will lessen tension between neighbors and the potential for future conflict.

The Bill for Injunction is dismissed.